Howell, J.
This is an application for a mandamus to compel the judge of the Fourth District Court, for the parish of Orleans, to issue au order to the sheriff to put relator in possession of certain real estate which he alleges he purchased at a tax sale of the same, by the tax collector, under the provisions of act No. 47 of 1873, entitled “an act to enforee the payment of taxes due the State; providing for the seizure and sale of the property of delinquent taxpayers, and regulating the proceedings against them and their property and tenants. ”
The relator presented to the said judge a petition for such order as *705 prescribed by tbe last clause of the fourth section of said act, which is in the following words : “ upon the presentation of a title so given (that is, a title by the tax collector) to the district court, it shall be the duty of the judge to order the sheriff to put such person in possession of the property so purchased by him. ”
The judge refused to grant the order for the reasons :
First — The Fourth District Court is without jurisdiction.
Second — He questioned if there is any law which will warrant this summary proceeding.
In answer to the provisional writ of mandamus he contends that the subject matter, if constitutional, is confined to the. jurisdiction of the Superior District Court, in the parish of Orleans, by section two of act No. 2 of 1873, creating the said court, and that the act under which the said order was asked is unconstitutional in several respects and especially in depriving an owner of his property without a hearing.
We can find nothing in the act creating the Superior District Court, which confines this proceeding to the said court, and we think the Fourth District Court, for the parish of Orleans, is a district court in contemplation of the act No. 47, invoked by relator, being a district court of general civil jurisdiction.
It is unnecessary to raise or discuss the constitutional question, as the act does not declare in express terms that the order to the sheriff, to put a purchaser in possession, shall issue without notice, and we may well construe it as adopted with reference to the general laws relating to summary proceedings in the courts of the State and as authorizing the district courts, to which application is to be made, to require the necessary legal notice to be issued to the party to be ousted and to dispose of the contest in a summary manner.
We think, however, that the judge in this instance did not err in refusing to issue the order as prayed for, because no party was made to the proceeding upon whom notice could be served, consequently there is no proper showing for the writ of mandamus to issue from this court. When the judge refuses to issue the order upon presentation to him of a petition in proper form, it will be time to ask for a mandamus.
It is therefore ordered that the writ of mandamus herein be discharged with costs.